934 F.2d 319
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Billy J. FRYMIER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-1777.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 16, 1990.
Decided May 28, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. William M. Kidd, District Judge. (CA-88-16-C-K)
 Montie VanNostrand, Webster Springs, W.Va., for appellant.
 Eileen Bradley, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Deborah Fitzgerald, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., William A. Kolibash, United States Attorney, Lisa A. Grimes, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Billy J. Frymier appeals the decision of the district court affirming the determination of the Secretary of Health and Human Services ("the Secretary") that Frymier was not eligible for Social Security Disability Insurance Benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act because he had the residual function capacity for a full range of light and sedentary work. Finding substantial evidence to support the denial of benefits in this case, we affirm.
 
 
 2
 Frymier filed an application for disability insurance benefits in June of 1985 alleging that he was disabled due to various physical infirmities. His claim was denied and the denial was affirmed on reconsideration. He then submitted additional evidence to the Appeals Counsel of the Social Security Administration which remanded the case to an Administrative Law Judge for a new hearing to consider the additional evidence. Frymier filed a claim for Supplemental Security Income at this time. After the second hearing the ALJ again denied Frymier benefits. Frymier filed a complaint in the District Court which affirmed the Secretary's decision on a motion for summary judgment, adopting the recommendation of the United States Magistrate Judge. This appeal followed.
 
 
 3
 Without reciting Frymier's long and sometimes conflicting medical history, and the diverse findings by numerous doctors, his complaints centered on back problems flowing from a slipped disk, an old spinal fracture, and alleged arthritis in the spine. He also contended that his ability to function is limited by depression and mild dysthymic, dependent personality, and somatization disorders. These disorders are attributed to a person who is antisocial, aloof, of low self-esteem, unmotivated, and dependent.
 
 
 4
 While Frymier's own doctors describe limitations in his physical ability to do heavy work, the evidence was at best for him conflicting as to whether he could do lighter work and was significantly supportive of his ability to perform light and sedentary work, as found by the Administrative Law Judge. The limitations on his range of motion and his lifting capacity varied over the various examinations, so that one level of work capacity could not be definitively selected. But the Administrative Law Judge gave Frymier the benefit of the doubt in finding that he could perform only light and sedentary work.
 
 
 5
 With respect to his claims of psychological impediments, Doctor Sams, who did a complete psychiatric evaluation, found no gross disturbance other than poor motivation. Dr. Haynes found Frymier's condition "rather mild," but intractable because of his personality. No doctor, however, concluded that the conditions found would preclude Frymier from performing basic functions required by unskilled work and none concluded that he was physically incapable of doing any job in the national economy.
 
 
 6
 Our review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). A determination is supported by substantial evidence where there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id., quoting Richardson v. Perales, 402 U.S. 389, 401 (1971). It is the duty of the administrative law judge to make factual findings and resolve conflicting evidence. Hays, 907 F.2d at 1456.
 
 
 7
 In this case there was substantial evidence in the record to support the ALJ's determination that Frymier was able to perform light and sedentary work. For instance, all of Dr. Lefebure's findings on functional limitation were consistent with Frymier's ability to perform light and sedentary work. In addition, there was substantial evidence in the record before the ALJ to conclude that Frymier's nonexertional limitations did not rise to a level of a disability. While there was some conflicting evidence, such conflicts are resolved at the discretion of the ALJ. Because there was substantial evidence in the record to support the Secretary's determination, we affirm the denial of benefits.
 
 
 8
 AFFIRMED.